**FILED**
September 12, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LUIS DEMETRIO PEREZ SANCHEZ, § | |
| Petitioner, § | |
| § | |
| v. § | NO. SA-25-CV-1122-OLG |
| § | |
| BOBBY THOMPSON *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Before the Court is Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 4), filed on September 8, 2025. After careful consideration of the Motion, the record, and the applicable law, the Court finds that the Motion should be and hereby is **DENIED IN PART** and **DEFERRED IN PART** for the reasons below.

### I. BACKGROUND

Petitioner is a Cuban national who has remained in the United States for more than fifty years. (*See* Dkt. No. 1 at 5). In 1971, Petitioner committed a robbery, which resulted in a death and a structure fire. (*Id.*). He was convicted of first-degree murder, armed robbery, arson, and larceny of a motor vehicle—for which he received a life sentence without the possibility of parole. (*Id.*). In 2000, the Government initiated removal proceedings against Petitioner and designated Cuba as the country of removal. (*Id.* at 6). Thereafter, Petitioner filed an application for a deferral of removal under the Convention Against Torture ("CAT"), claiming that "he feared torture at the hands of the Cuban Communist regime if he returned to Cuba because of his defection from Cuba and participation in" an anti-communist group. (*See id.* at 5–6). The immigration judge deferred Petitioner's removal under CAT, and the Government unsuccessfully appealed the immigration judge's decision. (*See id.* at 6).

On December 19, 2024, Petitioner was granted parole in light of the Supreme Judicial Court of Massachusetts's holding that it is unconstitutional to sentence individuals, who are between the ages of 18 and 20, to life in prison without the possibility of parole. (*See id.*). On February 5, 2025, Petitioner was released from Massachusetts state prison and taken into custody by ICE. (*Id.*). Since that date, Petitioner has remained in ICE detention, and he is currently detained at the South Texas ICE Processing Center in Pearsall, Texas. (*See id.* at 8–9).

On September 8, 2025, Petitioner filed a writ of habeas corpus, seeking his "immediate release . . . under appropriate conditions of supervision" because his removal is not significantly likely to occur in the reasonably foreseeable future. (*See id.* at 11). Petitioner also filed the instant Motion to enjoin Respondents from transferring him "out of the Western District of Texas in the absence of judicial permission obtained after 72-hours' notice." (*See* Dkt. No. 4 at 13).

## II.   DISCUSSION

To obtain a preliminary injunction or temporary restraining order ("TRO"), the movant must demonstrate: "(1) a substantial likelihood [that he] will prevail on the merits, (2) a substantial threat [that he] will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction will not disserve the public interest." *Texas v. U.S. Dep't of Homeland Sec.*, 123 F.4th 186, 198 (5th Cir. 2024) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner alleges that "ICE is not significantly likely to execute his removal to any third country any time soon, if ever." (*See* Dkt. No. 4 at 6). Petitioner argues that, because he has been detained for more than six months and has not been removed, there is no likelihood that he will be removed in the reasonably foreseeable

future. (*See id.* at 8–9). Although Petitioner's detention has exceeded six months, he has not demonstrated a substantial likelihood of prevailing on the merits at this juncture.

An alien must be removed within ninety days from the date of a final order of removal. *See* 8 U.S.C. § 1231(a)(1)(A). If the alien is not removed within that time, he may be detained for a longer period or released subject to terms of supervision. *Id.* § 1231(a)(3), (6). In *Zadvydas*, the Supreme Court held that "an alien's post-removal-period detention" cannot exceed "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Supreme Court then stated that six months is presumptively constitutional for an alien to be detained while awaiting removal. *See id.* at 701. If "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, *the Government must respond with evidence sufficient to rebut that showing.*" *Id.*

Here, Petitioner alleges that he has been detained for more than six months. (*See* Dkt. Nos. 4 at 8; 1 at 9). It is also conceivable—considering the length of Petitioner's detention and other supporting allegations—that Respondents may not remove him in the reasonably foreseeable future. However, Petitioner has not shown that his *Zadvydas* claim is likely to succeed because such a claim does not begin and end with Petitioner's allegations. Respondents are entitled to rebut Petitioner's allegations with evidence demonstrating that it is significantly likely he will be removed in the foreseeable future.[1] *See Zadvydas*, 533 U.S. at 701. Granting Petitioner immediate injunctive relief would contravene *Zadvydas*'s burden-shifting framework and deprive

---

[1] Petitioner expressly contends that Respondents cannot rebut his allegations of non-removal because "there is no evidence that ICE has undertaken any affirmative steps to [remove him]." (Dkt. No. 4 at 8). This argument lacks merit because Respondents have not had the opportunity to respond to Petitioner's allegations. Although such steps have not been disclosed, Respondents may be taking steps unbeknownst to Petitioner, such as identifying potential countries of removal and contacting those countries to facilitate Petitioner's deportation.

Respondents of an opportunity to contest the merits of Petitioner's Motion. At this time, the Court finds Petitioner's request for a TRO premature.[2]

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED** that the Motion (Dkt. No. 4) is **DENIED** insofar as Petitioner requests a TRO.

It is further **ORDERED** that the Motion (Dkt. No. 4) is **DEFERRED** insofar as Petitioner seeks preliminary injunctive relief.

It is further **ORDERED** that Respondents shall file a response to the Motion (Dkt. No. 4) no later than fourteen (14) days after their deadline to respond to the habeas petition. Petitioner may file a reply, if any, no later than seven (7) days thereafter.

It is so **ORDERED**.

**SIGNED** this 12 day of September, 2025.

ORLANDO L. GARCIA
United States District Judge

---

[2] Neither has Petitioner demonstrated that he presently faces a substantial threat of irreparable harm. Petitioner asserts, in conclusory fashion, that "ICE is likely to try to remove" him to El Salvador, South Sudan, or Eswatini—countries where Petitioner claims he will be persecuted or tortured. (*See* Dkt. No. 4 at 9–11). Conspicuously absent from his petition are any factual allegations in support thereof. (*See generally* Dkt. Nos. 1 & 4). Indeed, Petitioner alleges that ICE has attempted to accommodate his choice of Mexico as a third country of removal. (*See* Dkt. No. 1 at 6, 8). Such allegations weigh against a finding that Petitioner's removal will result in irreparable injury. *See* FED. R. CIV. P. 65(b)(1).